# *United States Court of Appeals*
**FIFTH CIRCUIT**
OFFICE OF THE CLERK

**LYLE W. CAYCE**
**CLERK**

**TEL. 504-310-7700**
**600 S. MAESTRI PLACE,**
Suite 115
**NEW ORLEANS, LA 70130**

December 10, 2020

Mr. S. Michael McColloch
S. Michael McColloch, P.L.L.C.
3131 McKinney Ave.
Suite 600
Dallas, TX 75204

    No. 20-61007   George Jarkesy, Jr., et al v. SEC
                           Agency No. 3-15255

Dear Mr. McColloch,

We have filed the certified list. PETITIONERS' BRIEF AND EXCERPTS ARE DUE WITHIN **40 DAYS** FROM THE DATE ABOVE (See FED. R. APP. P. and 5TH CIR. R. 28, 30, 31 and 32). Except in the most extraordinary circumstances, the maximum extension for filing briefs is 40 days in agency cases. See also 5TH CIR. R. 30.1.2 and 5TH CIR. R. 31.1 to determine the proper Portable Document Format (.PDF) that must be used for electronic filings. You may access our briefing checklist on the Fifth Circuit's website "http://www.ca5.uscourts.gov/docs/default-source/forms-and-documents---clerks-office/rules/brchecklist.pdf". An intervenor's time is governed by 5TH CIR. R. 31.2. 5TH CIR. R. 42.3.2 allows the clerk to dismiss petitions for review **without notice** if the brief is not filed on time.

Record Excerpts: 5TH Cir. R. 30.1.7(c) provides that the electronic PDF version of the record excerpts should contain pages representing the "tabs" identified in the index of the document. However, we remind attorneys that the actual paper copies of record excerpts filed with the court must contain actual physical tabs that extend beyond the edge of the document, to facilitate easy identification and review of tabbed documents.

Because this is an Agency case, the required record excerpts content is minimal, and are as follows-

1. A record excerpts cover page is required and must have the same content as the brief's cover page, except that it will be denominated "Record Excerpts."

2. A Table of Contents is required, with a numbered list of documents.

3. Each document in the record excerpts must be separated by a Tab, and the Tab must be labeled to correspond to the

number assigned to the document in the Table of Contents (for example, Tab 1, Tab 2, and so on).

4. The ONLY mandatory document for an Agency case record excerpts, is a copy of the order or judgment being reviewed. Yet, counsel may include other copies of documents from the administrative record.

   **Note**: Counsel is hereby advised that the "Mandatory Contents" listed in 5TH CIR. R. 30.1.4 are geared toward a Criminal proceeding. That said, counsel may include additional Mandatory Contents as applicable to the Agency case type. However, content added to the record excerpts that is not specifically listed as Mandatory Contents will be construed by the Court as "Optional Contents," and Optional Contents are limited to 40 pages ONLY (There is no page limit for Mandatory Contents).

5. A signed and dated Certificate of Service is required. Yet, if all parties/counsel are being served via the Court's Electronic Case Filing (ECF) system, then a Certificate of Service may be omitted.

6. Four (4) copies are required (The Court will send a notice to counsel to request the record excerpts paper copies, if necessary, upon the Court's review and acceptance of the electronically filed record excerpts).

**The caption for this petition for review is attached, and we ask you to use it on any briefs and record excerpts filed with this court.**

Because this case is proceeding on a certified list of documents instead of the full administrative record, the petitioners must file an Appendix (See 5ᵀᴴ CIR. R. 30.2). The Appendix must contain a copy of the portions of the record relied upon by the parties in their briefs, and the Appendix must be filed within **21 days** from the date of filing of respondent's brief. The Appendix must have a suitable front cover page, and a numbered Index.

Brief Template: The clerk's office offers brief templates and the ability to check the brief for potential deficiencies prior to docketing to assist in the preparation of the brief. To access these options, log in to CM/ECF and from the Utilities menu, select 'Brief Template' (Counsel Only) or 'PDF Check Document'.

**Reminder as to Sealing Documents on Appeal:** Our court has a strong presumption of public access to our court's records, and the court scrutinizes any request by a party to seal pleadings, record excerpts, or other documents on our court docket. Counsel moving to seal matters must explain in particularity the necessity for sealing in our court. Counsel do not satisfy this burden by simply stating that the originating court sealed the matter, as the circumstances that justified sealing in the originating court may have changed or may not apply in an appellate proceeding. It is the obligation of counsel to justify a request to file under seal, just as it is their obligation to notify the court whenever sealing is no longer necessary. An unopposed motion to seal does not obviate a counsel's obligation to justify the motion to seal.

Sincerely,

LYLE W. CAYCE, Clerk

By: _____
Dantrell L. Johnson, Deputy Clerk
504-310-7689

Enclosure(s)

cc w/encl:
    Mr. Daniel J. Aguilar
    Mr. Paul Gerard Alvarez
    Ms. Karen L. Cook
    Mr. Dominick V. Freda

Case No. 20-61007

George R. Jarkesy, Jr.; Patriot28, L.L.C.,

    Petitioners

v.

Securities and Exchange Commission,

    Respondent