# S. MICHAEL MCCOLLOCH, PLLC

6060 N. Central Expressway, Suite 500
Dallas, Texas 75206
Office: 214/643-6055
Mobile: 214/674-1868
smm@mcculloch-law.com
www.mcculloch-law.com

*Via CM/ECF*

July 30, 2021

Lyle W. Cayce, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

    RE:    *Jarkesy v. SEC*, No. 20-61007

    In its Rule 28(j) letter filed July 20, 2021, the SEC asserts that *Collins v. Yellen*, 141 S. Ct. 1761 (2021), supports its position regarding the multiple layers of tenure protection afforded the agency's ALJs. It does not. Indeed, to the extent it is even relevant here, *Collins* underscores the unconstitutionality of the office held by the ALJ who presided at Jarkesy's trial.

    The *Collins* Court held that the *single* layer of "for cause" tenure protection violated the separation of powers doctrine. 141 S. Ct. at 1787. In its letter the SEC relies instead on inapposite dicta from *another case* where the Court declined to "revisit our prior decisions allowing certain limitations on the President's removal power." *Seila Law LLC v. CFPB*, 140 S. Ct. 2183 (2020), cited in *Collins*, 141 S. Ct. at 1783. (*Seila Law* allowed to stand only two narrow circumstances tolerating limitations on presidential control, neither of which applied in that case, in *Collins*, or in the instant case.)

    None of this lends any support to the SEC's incorrect insinuation that its ALJs "enjoy[ ] only a 'good cause" removal protection." As previously conceded by the SEC, the agency's ALJs enjoy at least a *double layer* of good-cause protection. The Supreme Court has never upheld double layers of good-cause protection from presidential removal. The only time the Court has considered a double-layer of protection—in *Free Enterprise Fund v. Pub. Co. Accounting Oversight Bd.*, 561 U.S. 477 (2010)—it struck down the restriction.

By misquoting the opinion, the SEC also advances the assertion that *Collins* requires a showing that the constitutional violation "cause[d] [the] harm" to Jarkesy. The actual quote was only the Court's description of one of the government's *arguments* in *Collins*, disputing that the violation there "caused any such harm," 141 S.Ct. at 1789, referring to the *monetary* losses sustained by the plaintiffs. This has little to do with the constitutional violation suffered by Jarkesy, where an illegally-insulated ALJ presided at his trial, orchestrated the admission of evidence, and rendered numerous factual findings which were left undisturbed by the Commission, "de novo" review notwithstanding.

Respectfully submitted,

/s/ S. Michael McColloch
_____
S. MICHAEL McCOLLOCH
Attorney for Petitioners

# CERTIFICATE OF SERVICE

I certify that on July 30, 2021, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system, which will serve all counsel of record.

/s/ S. Michael McColloch
_____
S. MICHAEL McCOLLOCH

# CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the word limitations of Federal Rule of Appellate Procedure 28(j) because the body of the letter contains 350 words.

/s/ S. Michael McColloch
_____
S. MICHAEL McCOLLOCH