

U.S. Department of Justice
Civil Division

Tel: 202-514-5432

VIA CM/ECF

April 5, 2022

Lyle W. Cayce, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

    RE:   *Jarkesy v. SEC*, No. 20-61007 (argued October 6, 2021)

    On April 5, 2022, the Securities and Exchange Commission issued the attached statement concerning certain administrative adjudications. The Commission determined that administrative support staff from its Division of Enforcement had, for a period of time, accessed memos written for the Commissioners by the Office of the General Counsel's Adjudication Group. The Commission's review for all cases during this time is ongoing. The Commission prioritized its review of matters in active litigation, including its adjudication in *Jarkesy*. The Commission "found no evidence that Enforcement staff investigating and prosecuting" *Jarkesy* had accessed "Adjudication memoranda or took any action based on those memoranda." Statement at 4.

    The Commission's statement explains that a member of the Enforcement's administrative support staff accessed and sent ten Adjudication memoranda in *Jarkesy* to other administrative personnel. Statement at 3. Seven memoranda concerned extensions of time in which to issue an opinion. One memorandum concerned Jarkesy's request for Commission review, which the Commission granted. One memorandum concerned the processes for handling adjudications after the Commission had ratified the appointment of its administrative law judges as inferior officers. *See Lucia v. SEC*, 137 S. Ct. 2044, 2050 (2018). And one memorandum concerned a recommendation for a Commission order and opinion in the case, which the Commission "subsequently approved * * * and issued its final opinion and order in the matter without further briefing

from the parties." Statement at 3. The Commission "has found no evidence that Enforcement staff investigating and prosecuting [*Jarkesy*] accessed the Adjudication memoranda or took any action based on those memoranda," and concluded that the support staff's access of those memoranda "had no bearing" on the Commission's adjudication in *Jarkesy*. *Id.* at 4. Out of an abundance of caution, however, we write to notify the Court of the Commission's statement and its findings.

                          Sincerely,

                          */s/ Daniel Aguilar*
                          Daniel Aguilar
                          Counsel for the Securities and Exchange Commission

## CERTIFICATE OF SERVICE

I certify that on April 5, 2022, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system, which will serve all counsel of record.

                                                  /s/ *Daniel Aguilar*
                                                  DANIEL AGUILAR

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the word limitations of Federal Rule of Appellate Procedure 28(j) because it contains 297 words.

                                                  /s/ *Daniel Aguilar*
                                                  DANIEL AGUILAR

Statement

# Commission Statement Relating to Certain Administrative Adjudications

## The Commission

**April 5, 2022**

The Commission has identified a control deficiency related to the separation of its enforcement and adjudicatory functions within its system for administrative adjudications.  When this deficiency was identified, the Chair immediately notified the other Commissioners and directed the staff to undertake remedial measures and commence a comprehensive internal review to assess the scope and potential impact of the issue.  We are now releasing the findings of that review as it relates to two adjudicatory matters currently in litigation in federal court.  In both matters, the review found that agency enforcement staff had access to certain adjudicatory memoranda, but that this access did not impact the actions taken by the staff investigating and prosecuting the cases or the Commission's decision-making in the matters.

## Background

The Commission has statutory authority to enforce the federal securities laws.  It may exercise this authority by investigating wrongdoing and—where it deems it necessary or appropriate for the protection of investors—instituting an administrative proceeding to determine whether a violation of the securities laws has occurred.[1]  The Commission may itself preside over such a proceeding and issue a decision.[2]

While the law assigns the Commission both investigatory and adjudicatory responsibilities, the Administrative Procedure Act contemplates the separation of those functions among the agency staff who assist the Commission in each.[3]  That is, the agency employees who are investigating or prosecuting an adjudicatory matter before the Commission generally may not participate in the Commission's decision-making in that or a factually related matter.[4]  The Commission has promulgated rules intended to ensure that, in administrative proceedings, enforcement and adjudicatory functions are handled by different sets of agency employees.[5]  Staff members from the Commission's Division of Enforcement ("Enforcement") investigate and prosecute these actions, while staff within the Office of the General Counsel's Adjudication Group ("Adjudication") advise and assist the Commission in issuing adjudicatory opinions and orders.  In general, any party to an administrative enforcement proceeding, whether Enforcement or a respondent, files motions and briefs with the Office of the Secretary and does not communicate directly with the Commission about the proceeding.  Adjudication staff, by contrast, submit internal memoranda to the Commission to aid in the Commission's decision-making.

The Commission has determined that, for a period of time, certain databases maintained by the Commission's Office of the Secretary were not configured to restrict access by Enforcement personnel to memoranda drafted by Adjudication staff.  As a result, in a number of adjudicatory matters, administrative support personnel from Enforcement, who were responsible for maintaining Enforcement's case files, accessed Adjudication memoranda via the Office of the Secretary's databases.  Those individuals then emailed Adjudication memoranda to other administrative staff who in many cases uploaded the files into Enforcement databases.

## Internal Review

When it was discovered that Enforcement staff had access to Adjudication memoranda, the Chair immediately directed the implementation of remedial measures, including enhanced access controls, to ensure that Enforcement staff would no longer be able to access these memoranda in the Office of the Secretary databases or through Enforcement databases. The Chair also initiated an internal review to assess the scope and impact of the control deficiency. That review is ongoing and is being conducted by experienced investigative staff from the Division of Examinations under the supervision of the Commission's General Counsel.

To support the internal review, the Office of the General Counsel retained the Berkeley Research Group, LLC ("BRG"), a consulting firm with staff that includes a team of experienced investigators and forensic analysts. Together, the internal team and BRG staff are in the process of performing a comprehensive review of the facts surrounding the control deficiency and assessing its potential impact on administrative adjudicatory matters. BRG is also conducting an independent forensic analysis to determine the scope and potential impact of the control deficiency. That analysis includes a detailed review of the Office of the Secretary databases in which the Adjudication memoranda were stored and the Enforcement databases into which some of those memoranda were uploaded. BRG is also conducting an analysis of access logs for the various systems.

As part of its ongoing investigation, the team has conducted dozens of interviews and collected documents from Enforcement and Adjudication staff, as well as the Office of the Secretary. As discussed below, we find it appropriate at this time to publish the review team's findings regarding two matters, and we anticipate publishing additional findings in the near future. With respect to the two matters discussed below, the interviews conducted by the review team and BRG included those of more than 20 Enforcement staff members, as well as Adjudication staff members handling these matters.

## Findings

The review team has prioritized its assessment of the two cases arising from Commission administrative proceedings that are currently pending in the federal courts: *SEC v. Cochran*, No. 21-1239 (S. Ct.), and *Jarkesy v. SEC*, No. 20-61007 (5th Cir.). In each case, the team determined that Enforcement administrative personnel accessed one or more Adjudication memoranda via the Office of the Secretary databases and sent those materials to other administrative personnel who in a number of instances uploaded the memoranda into a database that is accessible to all Enforcement staff. As a result, certain Adjudication memoranda were, for a period of time, accessible to all Enforcement staff, including attorneys investigating and prosecuting the enforcement matters discussed in those Adjudication memoranda.

However, as detailed below, while the Enforcement staff assigned to investigate and prosecute those two matters would have been able to access certain Adjudication memoranda that pertained to those matters, the review team has found no evidence that those Enforcement staff in fact reviewed the memoranda. In addition, the timeline of filings and Commission actions in each matter shows that access to the Adjudication memoranda would not have affected any Enforcement filings. Enforcement staff prosecuting the matters did not file any documents in the proceedings between the dates that the Adjudication memoranda were accessed by the Enforcement administrative personnel and the dates of the corresponding Commission orders.

1. *David S. Hall, P.C. d/b/a The Hall Group CPAs, David S. Hall, CPA, Michelle L. Helterbran Cochran, CPA, and Susan A. Cisneros*, Admin. Proc. 3-17228; *SEC v. Cochran*, No. 21-1239 (S. Ct.) (pet. for cert. filed Mar. 11, 2022).

An administrative staff member in Enforcement accessed and sent to other administrative personnel one Adjudication memorandum—dated November 29, 2017—relating to the *Cochran* matter then pending before the Commission. One of those administrative staff members then uploaded the memorandum to the *Cochran* case file in the Enforcement database. The memorandum concerned an Adjudication staff recommendation advising the

Commission to take certain procedural actions in a number of pending administrative proceedings related to the Commission's ratification of the appointment of its administrative law judges. The Commission issued its order related to the memorandum on November 30, 2017.

Emails reviewed by the internal review team showed that the Enforcement administrative staff member emailed the Adjudication memorandum to other administrative staff (to upload to the Enforcement database) the day *after* the Commission issued the November 30, 2017 order discussed in the memorandum. Thus, the Enforcement staff responsible for investigating and prosecuting the matter would have had no opportunity to view or use the information in the memorandum prior to the order's issuance. Further, interviews with Enforcement staff show no evidence that any of the individuals assigned to investigate and prosecute the *Cochran* matter accessed the Adjudication memorandum.

In sum, the internal review has found no evidence that the Enforcement staff investigating and prosecuting this matter accessed the Adjudication memorandum or took any action based on that memorandum. Accordingly, the availability of the memorandum to Enforcement staff had no bearing on any actions taken by that staff or any effect on the Commission's adjudication of this proceeding. Moreover, the internal review concluded that Enforcement staff did not participate or advise in the preparation or issuance of the order discussed in the memorandum or otherwise influence the Adjudication staff advising the Commission in its decision-making.

2. *John Thomas Capital Mgmt. Grp. LLC d/b/a Patriot28 LLC, and George R. Jarkesy Jr.*, Admin. Proc. 3-15255; *Jarkesy v. SEC*, No. 20-61007 (5th Cir.) (pet. for rev. filed Nov. 2, 2020).

An administrative staff member in Enforcement accessed and sent to other administrative personnel ten Adjudication memoranda relating to the *Jarkesy* matter then pending before the Commission. In many instances, the administrative personnel then uploaded the memoranda to the *Jarkesy* case file in the Enforcement database. One of the memoranda concerned an Adjudication staff recommendation regarding respondents' request for Commission review of the administrative law judge's initial decision; Enforcement did not file an opposition, and the Commission subsequently granted respondents' request. Seven memoranda concerned Adjudication staff recommendations regarding a potential extension of time to issue an opinion, all of which the Commission approved. One memorandum concerned an Adjudication staff recommendation regarding adoption of an opinion and order in the case; the Commission subsequently approved the recommendation and issued its final opinion and order in the matter without further briefing from the parties. In addition, the same November 29, 2017 memorandum recommending procedural actions related to the Commission's ratification of the appointment of its administrative law judges (discussed above in connection with the *Cochran* matter) also applied to the *Jarkesy* proceeding. That memorandum was available to Enforcement staff in the Enforcement database, but it was not uploaded to the *Jarkesy* case file. The review team's interviews revealed no evidence that any of the individuals assigned to investigate and prosecute the *Jarkesy* matter accessed any of these Adjudication memoranda.

The timeline of relevant events further confirms these findings. Eight of the nine Adjudication memoranda uploaded to the *Jarkesy* case file in the Enforcement database were emailed by the Enforcement administrative staff member to other administrative staff (to then upload to the Enforcement database) on or *after* the date the Commission issued the order discussed in the memoranda. Thus, as to those materials, the Enforcement staff responsible for investigating and prosecuting the matter would have had little to no opportunity to view or use the information in the memoranda. The one remaining memorandum—which made recommendations regarding a potential extension of time to issue an opinion—was emailed by the Enforcement administrative staff member to other administrative personnel only one day before the Commission issued the corresponding order. The internal review has found that the Enforcement team investigating and prosecuting the matter did not file any documents in the administrative proceeding between the time the Enforcement administrative staff member accessed that memorandum and the time the Commission issued its corresponding order.

In sum, the internal review has found no evidence that the Enforcement staff investigating and prosecuting this matter accessed the Adjudication memoranda or took any action based on those memoranda. Accordingly, the availability of the memoranda to Enforcement staff had no bearing on any actions taken by the staff or any effect on the Commission's adjudication of this proceeding. Moreover, the internal review concluded that Enforcement staff did not participate or advise in the preparation or issuance of the orders discussed in the memoranda or otherwise influence the Adjudication staff advising the Commission in its decision-making.

\* \* \*

We deeply regret that the Commission's systems lacked sufficient safeguards surrounding access to Adjudication memoranda. We have great faith in the professionalism of all of our staff and will work to ensure that, going forward, we better protect the separation of adjudicatory work-product within our system for administrative adjudications, including by enhancing our systems for controlling access to Adjudication memoranda. We take this lapse in controls very seriously and are working hard to make sure nothing like it happens again. The review team will continue to assess the remaining affected adjudicatory matters, and we will release those findings as soon as we are able to do so.

---

[1] *See, e.g.*, 15 U.S.C. § 78u(a)(1) (authorizing the Commission to "make such investigations as it deems necessary"); *id.* § 78u-3 (authorizing the Commission to issue cease-and-desist orders if it "finds, after notice and opportunity for hearing, that any person is violating, has violated, or is about to violate" the federal securities laws).

[2] 17 C.F.R. 201.110; *see also* 5 U.S.C. § 556(b).

[3] 5 U.S.C. § 554(d); *see also id.* § 557(d)(1) (prohibiting ex parte communications in formal agency adjudications).

[4] *Id.* § 554(d).

[5] *See* 17 C.F.R. 201.121 (requiring the separation of personnel involved in prosecutorial and investigative functions from adjudicative decision-making in those cases); *id.* 201.120 (prohibiting ex parte communications in Commission adjudications).