# S. MICHAEL MCCOLLOCH, PLLC

6060 N. Central Expressway, Suite 500
Dallas, Texas 75206
Office: 214/643-6055
Mobile: 214/674-1868
smm@mcculloch-law.com
www.mcculloch-law.com

*Via CM/ECF*

April 13, 2022

Lyle W. Cayce, Clerk of Court
Office of the Clerk
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

    RE:   *Jarkesy v. SEC,* No. 20-61007
           (Argued October 6, 2021)
           Response to SEC Rule 28(j) letter filed April 5, 2022[1]

      Facing an erupting scandal, agencies follow a time-honored Washington ritual by circling the wagons, launching a controlled "investigation" of themselves, and then reporting they found nothing of consequence.

      Flouting the requirements of the Inspector General Act, 5 U.S.C. app. 3 § 1 *et seq.*,[2] the SEC embraced that tradition by issuing its carefully-parsed "Statement" belatedly disclosing multiple abuses—and apparent computer crimes[3]—in the proceedings below. Predictably, the agency concludes that its repeated malfeasance "would not have affected any Enforcement proceedings," including in particular its decade-long administrative action against Jarkesy.

---

[1] Despite the clear terms of Rule 28(j), the SEC's letter does not refer to a pertinent "authority" or point the Court to a brief or oral argument reference to which it would apply.

[2] The legal responsibility is assigned to the *Inspector General* "to conduct…investigations relating to the programs and operations of [the agency]," 5 U.S.C. app. 3 § 4(a)(1), not agency management. The SEC's "Statement" well illustrates the reason why Congress stripped federal agencies of the power to investigate their own misconduct.

[3] *See, e.g.*, 18 U.S.C. § 1030 (a)(2)(B) and (C) (exceeding authorized access to computer database to obtain agency information).

Ironies abound. It takes little imagination to predict the dire fate of an SEC target accused of the severe "control" deficiencies and defalcations described in the report, especially where the target then doubles down by concocting a management-controlled internal "investigation" finding much ado about nothing. The hypocrisy evident from the Commission's apparent circumvention of its own Inspector General is remarkable, conveniently sparing the agency from such unpleasantries as mandatory criminal referrals to DOJ[4] and detailed reports to Congress.[5]

The report exemplifies the separation-of-powers violations raised in Jarkesy's appeal, further exposing the folly of entrusting Article III judicial functions—and delegating unbridled legislative authority—to an executive agency that scorns due process, defies acts of Congress, and is "persistent" in its "efforts to end-run the Supreme Court."[6]

Respectfully submitted,

/s/ S. Michael McColloch

S. MICHAEL McCOLLOCH
Attorney for Petitioners

---

[4] *See* 5 U.S.C. app. 3 § 4(d).

[5] *See* 5 U.S.C. app. 3 § 4(a)(5).

[6] *Lorenzo v. SEC*, 872 F.3d 578, 601 (D.C. Cir. 2017), *aff'd*, 139 S.Ct. 1094 (2019) (Kavanaugh, J., dissenting).

## CERTIFICATE OF SERVICE

I certify that on April 14, 2022, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system, which will serve all counsel of record.

/s/ S. Michael McColloch
_____
S. MICHAEL McCOLLOCH

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the word limitations of FEDERAL RULE OF APPELLATE PROCEDURE 28(j) because the body of the letter contains 349 words.

/s/ S. Michael McColloch
_____
S. MICHAEL McCOLLOCH