# S. Michael McColloch, PLLC

6060 N. Central Expressway, Suite 500
Dallas, Texas 75206
Office: 214/643-6055
Mobile: 214/674-1868
smm@mccolloch-law.com
www.mccolloch-law.com

September 10, 2024

Lyle W. Cayce, Clerk of Court
United States Court of Appeals for the Fifth Circuit
600 S. Maestri Place, Suite 115
New Orleans, LA 70130

RE:  ***Jarkesy v. SEC,*** **No. 20-61007**, on remand from U.S. Supreme Court
   **Response Regarding "Further Proceedings" and Whether to Remand**

## I.    Nothing Should Be "Remanded" to the SEC

This Court's review jurisdiction was invoked exclusively pursuant to special jurisdictional review statutes found in the securities acts, 15 U.S.C. §§ 78y(a)(1), 77i(a), and 80b-13(a) (collectively "§ 78y").[1] Unlike other appellate review statutes or review provisions in the Administrative Procedure Act, these unique SEC final-order review statutes do not vest a reviewing circuit court with jurisdiction to "remand."[2]

When it enacted § 78y ninety years ago, Congress chose to expressly cast the available remedies for this special review as a matter of the circuit courts' jurisdiction, not as a mere procedural rule. Those remedies are limited to (1) affirmance, (2) modification or (3) setting aside of the Commission's final order. Period. This grant of remedial jurisdiction is found in subsection (a)(3):

> On the filing of the petition, the court has jurisdiction, which becomes exclusive on the filing of the record, to affirm or modify and enforce or to set aside the order in whole or in part.

The ordinary authority of a circuit court to remand a case is a creature of statute, not an implied or inherent power. This is especially so where the remedial

---

[1]  *See* Petition for Review, Doc. 00515623265 (Nov. 2, 2020) at 1.  All of these SEC adjudication special review statutes contain nearly identical wording and prescribe in verbatim language the same jurisdictional list of available remedies on review.

[2]  This Court's remand order was the sole subject of a conditional cross-petition for writ of certiorari filed by Petitioners in the Supreme Court, docketed as *Jarkesy, et al., v. Securities and Exchange Commission*, No. 22-991, *writ denied,* 143 S.Ct. 2690 (June 30, 2023).

power is cast in jurisdictional terms. The jurisdiction Congress confers on the federal courts may not "be expanded by judicial decree." *Rotkiske v. Klemm*, 140 S. Ct. 355, 360–61 (2019) ("absent [statutory] provision[s] cannot be supplied by the courts"); *Kokkonen v. Guardian Life Ins. Co. of America,* 511 U.S. 375, 377 (1994).

In stark contrast to § 78y, Congress has defined the circuit courts' "regular" appellate power—for appeals from district courts—far more broadly.  28 U.S.C. § 2106 provides that circuit courts:

> may affirm, modify, vacate, set aside or reverse any judgment, decree, or order *of a court* lawfully brought before it for review, *and may remand the cause*…or require such further proceedings to be had as may be just under the circumstances.[3]

No such "remand" language is found in § 78y.

The lack of jurisdiction to remand under § 78y is also commanded by the basic tenets of statutory construction. First, the language of the statute is clear.  *See Rubin v. United States*, 449 U.S. 424, 430 (1981) ("judicial inquiry is complete" when the "terms of a statute [are] unambiguous").  Second, the venerable "Surplusage Canon" dictates the same result: another subsection of § 78y, (a)(5), expressly provides that the circuit court *can* remand, but solely *for the purpose of adducing additional evidence* material to the circuit court's review, and *only upon motion* of one of the parties, a jurisdictional grant not applicable here and one that would be rendered wholly superfluous if (a)(3) already permitted remand generally. *See Obduskey v. McCarthy & Holthus LLP*, 139 S. Ct. 1029, 1037 (2019) (where it applies, the surplusage canon creates "insurmountable obstacle" to a contrary interpretation).

Finally, even under the "remand rule" of the inapplicable APA,[4] remand is not to be ordered where it would be "futile,"[5] serving no purpose.  In this case, the Court has rendered the whole SEC administrative proceeding void *ab initio*, and thus there is nothing in existence left to remand. In a special review under § 78y, the reviewing circuit court gets the last word, not the losing party.

---

[3]   Emphasis supplied.  The Supreme Court has long recognized that its own general remand authority flows from the express grant of that power in § 2106.  *See, e.g., Wood v. Georgia*, 450 U.S. 261, 266 n.5 (1981) (citing § 2106 in ordering remand).

[4]   When it applies, § 78y is the exclusive procedure for review.  *See* 5 U.S.C. § 703.

[5]   *See, e.g., City of Yonkers v. United States*, 320 U.S. 685, 692 (1944) (no remand because Court concluded that the agency had no jurisdiction to take any action).  *See also*, *Northern Pipeline Constr. Co. v. Marathon Pipeline Co.*, 458 U.S. 50, 88 (1982) (no remand to Art. I bankruptcy court after deciding the grant of jurisdiction outside of Art. III was unconstitutional).

## II.    The Court Should Vacate for the Take Care Clause Violation

This Court correctly held that the multiple layers of tenure protection afforded the SEC's ALJs ran afoul of the Take Care Clause, a holding left undisturbed by the Supreme Court.  This Court declined to impose one of the three remedies dictated by § 78y, however, having already elected to vacate the Commission's final order for the Seventh Amendment violation.  34 F.4th 446, 465-66.

But by not imposing a remedy, the Court effectively rendered an advisory opinion on this issue, along with a "remand without vacatur"—a disposition reserved for certain APA reviews but not sanctioned by the spartan jurisdictional grant in § 78y. Moreover, an adjudicator sitting in violation of the Take Care Clause is a "structural" constitutional error, just like an ALJ sitting in violation of the Appointments Clause, as in *Lucia v. SEC*, 138 S.Ct. 2044, 2055 (2018). *See Ryder v. United States*, 515 U.S. 177, 182-83 (1995) (reversing court martial where military judges sat in violation of Appointments Clause, eschewing harmful error analysis); *Stern v. Marshall*, 564 U.S. at 503 (affirming the vacating of bankruptcy judge actions where the judge presided in violation of the requirements of Article III).

Because "the effects of [structural] error are simply too hard to measure," *Weaver v. Massachusetts*, 582 U.S. 286, 295 (2017), the underlying proceedings must be vacated, and harmful error analysis does not apply. *Id*. This is so whether or not a court seeks to surgically remove an offending part of a statutory scheme—a measure not available in the case of the scheme here, 5 U.S.C. § 7521.[6]

## III.    The Court Should Order Detailed Briefing on These Critical Issues

As the Court's August 27, 2024, letter recognizes, the Supreme Court invited this Court to conduct any "further proceedings" deemed appropriate on remand. That Court did not expressly or impliedly rule on the remedies applied by this Court, only affirming this Court's holding that the Seventh Amendment precluded the administrative proceedings in the agency. The issues addressed above are important, recurring and require detailed briefing and argument beyond the limited briefing permitted in a three-page letter. Petitioners therefore suggest that the Court, under its "further proceedings" authority, order the filing of full briefs on these issues and, at the Court's discretion, set the matter for oral argument on the Court's upcoming calendar, prior to issuing its mandate.

---

[6] Depriving a victimized litigant like Jarkesy of any relief would obviously disincentivize all future litigants from ever raising and exposing separation of powers violations, and would perversely incentivize agencies to continue to utilize unconstitutionally sitting ALJ's since there would be absolutely no penalty for doing so.

Respectfully submitted,

*/s/ S. Michael McColloch*

_____

S. MICHAEL McCOLLOCH
Attorney for Petitioners

## CERTIFICATE OF SERVICE

I certify that on September 10, 2024, I electronically filed the foregoing with the Clerk of the United States Court of Appeals for the Fifth Circuit by using the appellate CM/ECF system, which will serve all counsel of record.

*/s/ Karen Cook*

_____

Karen Cook

## CERTIFICATE OF COMPLIANCE

I certify that this letter complies with the page limitations imposed by the Court's letter of August 27, 2024, because the body of the letter does not exceed three pages.

*/s/ Karen Cook*

_____

Karen Cook