# United States Court of Appeals
# for the Fifth Circuit

No. 20-61007

United States Court of Appeals
Fifth Circuit
**FILED**
November 12, 2024
Lyle W. Cayce
Clerk

GEORGE R. JARKESY, JR.; PATRIOT28, L.L.C.,

*Petitioners*,

*versus*

SECURITIES AND EXCHANGE COMMISSION,

*Respondent*.

_____

Petition for Review of an Order of
the United States Securities and Exchange Commission
No. 3-15255
_____

### ON REMAND FROM
### THE SUPREME COURT OF THE UNITED STATES

Before ELROD, *Chief Judge*, and DAVIS and OLDHAM, *Circuit Judges*.

PER CURIAM:

    This case is before us on remand from the Supreme Court, which held that the Seventh Amendment right to a jury trial is implicated when the Securities and Exchange Commission seeks civil penalties against a defendant for alleged securities fraud and affirmed our judgment on this ground alone. *SEC v. Jarkesy*, 144 S. Ct. 2117, 2127, 2139 (2024). Accordingly, we reiterate our prior holdings in this case.

In our prior opinion, the panel majority held that: (1) the SEC's in-house adjudication of Petitioners' case violated their Seventh Amendment right to a jury trial; (2) Congress unconstitutionally delegated legislative power to the SEC by failing to provide an intelligible principle by which the SEC would exercise the delegated power, in violation of Article I's vesting of "all" legislative power in Congress; and (3) statutory removal restrictions on SEC ALJs violate the Take Care Clause of Article II. *Jarkesy v. SEC*, 34 F.4th 446, 449 (5th Cir. 2022). Applying the panel majority's first two holdings, we vacated[1] the decision of the SEC without addressing whether vacatur would be appropriate based on the third holding alone, *id.* at 465–66, and entered a judgment. We see no basis to alter these determinations or our prior judgment, now that the case is on remand from the Supreme Court and our prior holdings have not been disturbed. The Clerk is directed to issue the mandate forthwith.

---

[1] We recognize that no remand is technically necessary or appropriate in this case. *See* 15 U.S.C. §§ 78y(a)(3), 77i(a), 80b-13(a).